## Page v. City of Philadelphia

*MacCoy, Brittain, Evans & Lewis,* for plaintiff.

*Aaron W. White,* assistant city solicitor, for City of Philadelphia.

CARROLL, J., April 18, 1949.—This matter comes before the court on preliminary objections in the nature of a demurrer.

Plaintiff was appointed physician-in-chief of the Philadelphia County prisons on April 15, 1946, by the board of prison inspectors at a salary fixed by the board. He served in that capacity until December 31, 1948. The compensation he received was an amount fixed by city council, which for the entire period of plaintiff's service was $2,526.71 less than the amount of salary fixed by the board of prison inspectors. This action is to recover the difference and it raises the

question whether the Council of the City of Philadelphia or the board of prison inspectors has the power to fix the salaries of persons employed in such institutions.

Plaintiff rests his claim upon the Act of April 14, 1835, P. L. 232, sec. 2, which provided that the board of prison inspectors should appoint and fix the salaries of the physician. The position of the City of Philadelphia is that the Act of 1835, aforesaid, was superseded by the Act of May 2, 1945, P. L. 375, which intended to establish a uniform and complete system by which all salaries payable out of the public treasury of cities of the first class were to be fixed by council so that the power to determine salaries should be coördinated with the power to raise revenues by taxation. However, plaintiff claims that there was no repeal, express or implied, of the Act of 1835 and therefore it continued in effect. The city takes the position that the Statutory Construction Act of May 28, 1937, P. L. 1019, art. VII, which reads, "Whenever a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal preëxisting local or special laws on the same class of subjects", has the effect of eliminating the necessity of a special repealer.

There appears to be no doubt that the Act of May 2, 1945, was intended to establish a uniform and mandatory system covering a broad class of subjects and as such was a type of general law referred to in the Statutory Construction Act. The cases relied upon by plaintiff as authority for his position that the Act of 1835 was not repealed are prior to the present acts and are not controlling. It is true that the case of Graham v. Philadelphia, 288 Pa. 152, decided in 1927, upheld the Act of 1835 under somewhat similar circumstances as against the attempt of the Philadelphia City Charter Act of June 25, 1919, P. L. 581, which

showed an intent to place city council in absolute control of salaries paid to all city employes. There the court decided a general statute did not repeal a local statute by mere implication. The present case, however, is different by reason of the change in statutory construction wrought by the Act of 1937. The Statutory Construction Act must be given the effect intended by the legislature, which clearly intended the establishment of a uniform system to be rendered less difficult and eliminated under such conditions the necessity of a specific repealer of special laws dealing with the same class of subjects.

For the foregoing reasons we are of opinion that the preliminary objection is good and, as it is manifest that plaintiff cannot amend his complaint in order to meet this objection, there is no reason for giving him an opportunity to do so, and, accordingly, the preliminary objection is sustained and judgment now entered for defendant.